Mr. Justice Wylie
delivered the opinion of the court, substantially as follows:
It seems from this .motion as if the practice in regard to applying for a rehearing was unsettled. This is not so. The reasons assigned for a rehearing in this case were all argued before the court, and passed upon at the hearing. No facts and no views are now presented which were not then fully considered and decided, and a simple motion is now made to rehear the case as if it were a matter of course. To show what the correct practice is upon an application of this kind, I will read from Alexander’s Chancery Practice, 177, where the author says: “It must be apparent that parties cannot be permitted at their pleasure to dispute questions which the court has settled by its previous orders; and the court could not itself reconsider, and, without notice, reverse its opinions once expressed, and made the ground-work of subsequent proceedings, without great surprise, and perhaps doing irremediable injury to parties. Hence the fitness of a rule which requires nothing more than that the party shall ask permission of the court, before he questions the propriety of its judgment.”
The first step for a party who desires a rehearing is to present his petition containing a statement of the special matter or cause on which he relies, according to our own rule, and obtain permission to file it. But I read again from the same book, at page 178 : “The application for a rehearing is made by petition, addressed to the chancellor, stating briefly the circumstances of the case, and the supposed errors in the decree, and the grounds of the objections alleged. When the rehearing is asked for the purpose of introducing additional evidence, the petition should be accompanied by the affidavit of the party, verifying these facts, and affirming that they *455 were discovered since the date of the decree, or at a time when they could not be introduced into the cause at the former hearing. The petition should be signed by counsel, or by the party. It is always in the discretion of the court to grant or refuse a rehearing.”
It will be seen that a party who loses his case cannot be allowed, as matter of common right, to file a mere motion for a rehearing, and prpceedings in a court ought not to be delayed by such application, unless the leave of the court is first obtained. Besides, this case has been before the court many years, and involved in expensive litigation, without profit to any one, and the view and facts used on this application have all been considered and adjudicated. The motion on its merits, as well as on the ground of its irregularity, must be denied.